[695 NYS2d 411]

In the Matter of JOHN H. WYNNE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 27, 1999

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition that contained five charges of professional misconduct against him. In his answer, the respondent admitted all of the factual allegations contained in the petition, but denied that he was guilty of professional misconduct. After a hearing, the Special Referee sustained all of the charges against the respondent except Charge Two. The Grievance Committee now moves to confirm the Special Referee's report insofar as it sustains Charges One, Three, Four, and Five, and to disaffirm the report insofar as it fails to sustain Charge Two. The respondent cross-moves to confirm the Special Referee's findings regarding Charge Two and to disaffirm her findings regarding Charge One. He does not challenge the Special Referee's findings regarding Charges Three, Four, and Five. In addition, he argues that the sanction imposed should be limited to a public censure.

Charge One alleges that the respondent converted funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 1-102 (A) (4), (former [8]) (now [7]) (22 NYCRR 1200.3 [a] [4], [7]), and DR 9-102 (B) (22 NYCRR 1200.46 [b]).

After being retained to prosecute a property damage claim on behalf of David Carnivale, the respondent settled Mr. Carnivale's claim for $10,000. On or about June 12, 1996, the respondent deposited the settlement proceeds in his attorney escrow account. On or about August 19, 1996, the respondent distributed to Mr. Carnivale his share of the settlement proceeds. Between June 12 and August 19, 1996, the respondent was required to maintain in his attorney escrow account at least $7,875 on behalf of Mr. Carnivale. On June 27, 1996, the balance in the respondent's escrow account was depleted to $90.

Charge Two alleges that the respondent commingled personal funds with funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 1-102 (A) (former [8]) (now [7]) (22 NYCRR 1200.3 [a] [7]) and DR 9-102 (A) (22 NYCRR 1200.46 [a]).

Beginning on or about May 6, 1996, the respondent deposited and maintained funds entrusted to him as a fiduciary and incident to his practice of law in his attorney escrow account.

In or about August 1996, while the client funds were on deposit in his escrow account, the respondent improperly deposited $27,000 of his personal funds into that account.

Charge Three alleges that the respondent failed to maintain a record of all deposits into and withdrawals from his attorney escrow account, in violation of Code of Professional Responsibility DR 1-102 (A) (former [8]) (now [7]) (22 NYCRR 1200.3 [a] [7]) and DR 9-102 (C) (3); (D) (1), (2) and (8) (22 NYCRR 1200.46 [c] [3]; [d] [1], [2], [8]).

Between May 6, 1996 and October 15, 1996, the respondent made deposits into and withdrawals from his attorney escrow account. The respondent failed to maintain a complete record of those deposits and withdrawals in an escrow account ledger book or similar record.

Charge Four alleges that the respondent improperly withdrew from his attorney escrow account funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 1-102 (A) (former [8]) (now [7]) (22 NYCRR 1200.3 [a] [7]) and DR 9-102 (E) (22 NYCRR 1200.46 [e]).

On May 10, June 17, June 27, and September 16, 1996, the respondent made automated teller machine withdrawals from his attorney escrow account in the amounts of $200, $100, $100, and $200, respectively.

Charge Five alleges that the respondent failed to properly maintain his attorney escrow account, in violation of Code of Professional Responsibility DR 1-102 (A) (former [8]) (now [7]) (22 NYCRR 1200.3 [a] [7]) and DR 9-102 (B) (22 NYCRR 1200.46 [b]).

On October 11, 1996, check number 1010 in the amount of $450 was drawn on the respondent's attorney escrow account. That check represented salary that was paid to the respondent's secretary and generated a negative balance of $399.34 in the account. On October 15, 1996, check number 1010 was returned for insufficient funds.

On October 11, 1996, check number 1011 in the amount of $50 was presented for payment and cleared the respondent's escrow account. That check represented a petty cash disbursement for the respondent's office expenses.

In view of the respondent's admissions and testimony at the hearing, all of the charges of professional misconduct are sustained.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider his lack of

venal intent, his weakened physical and mental condition, the duress that he was under at the time, the lack of harm to his clients, his previously unblemished record, his cooperation with the Grievance Committee's investigation, his expressed remorse, and the character letters submitted to the Special Referee.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years.

MANGANO, P. J., S. MILLER, O'BRIEN, RITTER and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted and all of the charges of professional misconduct against the respondent are sustained; and it is further,

Ordered that the respondent's cross motion to confirm in part and disaffirm in part the report of the Special Referee is denied; and it is further,

Ordered that the respondent, John H. Wynne, is suspended from the practice of law for a period of two years, commencing May 26, 1999, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the two-year period, upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, John H. Wynne, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.